UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICHARD OWORAE,<br><br>Defendant | Criminal No.<br><br>Violations:<br><br>Counts One - Three: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Count Four: Aggravated Identity Theft<br>(18 U.S.C. § 1028A)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

INFORMATION

At all times relevant to the Information:

General Allegations

1.      Defendant Richard OWORAE was an individual residing in Worcester, Massachusetts.

2.      OWORAE was the Resident Agent for Gimp Management & Tax Consult LLC (hereinafter "GMTC"), a limited liability company formed in Massachusetts on or about August 26, 2020.   According to the relevant Certificate of Organization, GMTC provides tax preparation, investment, cyber-security and business management consulting services. GMTC's business address as 65 James Street, Suite 8A, Worcester, Massachusetts.

3.      In March 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), a $2.2 trillion economic stimulus bill.   The provisions of the CARES Act, in conjunction with an officially declared disaster by the United States

Government, allowed for the Small Business Administration (SBA) to provide federal funding and other support to entrepreneurs and small businesses, including Economic Injury Disaster Loans (EIDL) to business owners negatively affected by the COVID-19 pandemic.

4. To apply for EIDL funding, an applicant used an SBA online portal to submit personal and business information in support of each EIDL application. EIDL applicants generally did not have to submit supporting documentation. However, the EIDL application included a section in which the applicant was required to affirm that the information submitted was true and correct under the penalty of perjury and other applicable federal criminal statutes.

5. To complete the EIDL application, the applicant provided information regarding the affected business entity, including but not limited to the ownership of the business, the number of employees, and the gross business revenues realized in the 12 months prior to the COVID-19 impact on the national economy. Consistent with Congressional intent to assist small businesses during the pandemic, the provisions of the EIDL program required that loan proceeds could only be used on certain permissible business expenses, which included payment of fixed business debts, payroll, accounts payable, and other business-related expenses that could have been paid had the COVID-19 disaster not occurred.

6. The SBA relied upon the information provided by the applicant to calculate the principal amount of money the small business was eligible to receive in the form of EIDL funding. EIDL loan amounts approved by the SBA were calculated based on the business

Gross Revenues and Cost of Goods Sold for the 12 months prior to January 31, 2020. The basic loan amount was intended to cover six months of Gross Profit (Gross Revenue minus cost of Goods Sold). The maximum EIDL loan amount was $150,000 per entity.

7. The SBA Office of Disaster Assistance (ODA) controlled the EIDL program and is headquartered in Washington, DC.   The ODA had authority over all loans created and disbursed under the EIDL program. The EIDL principal proceeds were solely funded by the SBA and were disbursed from government-controlled accounts maintained by the U.S. Treasury at Federal Reserve Banks throughout the United States.

### Scheme to Defraud

8. Between July 31, 2020 and at least August 28, 2020, OWORAE schemed to defraud the SBA by submitting three fraudulent applications through the SBA's website for EIDL's totaling approximately $194,700.

9. OWORAE used his personal information, and the personal information of his spouse, L.O., to fraudulently apply for EIDL funding, provide false statements on the loan applications, cause interstate wire communications in furtherance of his scheme to defraud the SBA, and to misappropriate the loan funds for his personal use and benefit.

### The Gimp Management Consultants Loan

10. On July 31, 2020, OWORAE submitted his first fraudulent application for EIDL funding in the amount of $27,800 for Gimp Management Consultants (GMC) through the SBA application portal.   The GMC application identified OWORAE as the owner of the

business and included OWORAE's actual social security number and date of birth, as well as a telephone number and e-mail address. OWORAE identified GMC as a "Proprietorship," with a gross revenue for the previous 12-month period of $55,579.

11. In reality, GMC was a fictitious business entity utilizing a variation on the GMTC business name. There are no online records - past or present - relating to any business operating as GMC, including official state incorporation records, business websites, or other websites relating to GMC.

12. On August 1, 2020, OWORAE electronically signed the Loan Agreement and Note, identifying himself on the executed loan agreement as the "Owner/Officer" of GMC. As part of the process of executing the signed loan agreement and Note, OWORAE acknowledged the Loan Authorization and Agreement, which states, in pertinent part, *"All representations in the Borrower's loan application (including all supplementary submissions) are true, correct and complete and are offered to induce SBA to make this loan."*

13. Following the disbursement of EIDL funds, OWORAE made numerous ATM cash withdrawals, purchases at various merchants, credit card payments, and money transfers to numerous individuals residing in Ghana, using a money-remitter business based in Tanzania.

### The U.S. Postal Services P&DC EIDL Loan

14. On August 4, 2020, OWORAE submitted a second fraudulent application for an EIDL loan in the amount of $82,900 using the business name "U.S. Postal Services, P&DC" through the SBA application portal. OWORAE submitted the "U.S. Postal

Services, P&DC" application, posing as his wife, L.O., using her home address, actual social security number and date of birth, her contact telephone number and her e-mail address.

15. OWORAE identified the type of business as "Independent," with a gross revenue for the previous 12-month period of $165,620. The "U.S. Postal Services, P&DC" application indicated that the business was established on November 11, 2017. OWORAE entered his spouse's social security number as the business EIN/SSN for the sole proprietorship.

16. Like GMC, "U.S. Postal Services, P&DC" was a fictitious business entity. There are no online records - past or present - relating to any business operating as "U.S. Postal Services, P&DC," including official state incorporation records, business websites, or other websites relating to "U.S. Postal Services, P&DC."

17. On August 12, 2020, the SBA wire transferred $82,900 to a bank account controlled by OWORAE's wife, to which he had access. From this account, OWORAE made numerous ATM cash withdrawals, electronic payments to various bank and department store credit cards, grocery store and gasoline purchases and other personal expenditures.

The GMTC EIDL Loan

18. On August 10, 2020, OWORAE submitted a third fraudulent application for an EIDL loan in the amount of $84,000 in the name of GMTC through the SBA application portal. OWORAE submitted the GMTC application as the individual owner of the business using his actual address, social security number and date of birth, as well as telephone number and e-mail address. OWORAE identified GMTC as a "General Partnership," with a gross revenue for the

previous 12-month period of $168,000. The GMTC application indicated that the business was established on June 5, 2011.

19. On August 26, 2020, sixteen days after OWORAE submitted the fraudulent GMTC EIDL loan application, OWORAE incorporated GMTC in the Commonwealth of Massachusetts.

20. On August 28, 2020, OWORAE "E-signed" the loan agreement and Note electronically identifying himself on the executed loan agreement as the "Owner/Officer" of GMTC. As he did while signing the GMC and "U.S. Postal Services, P&DC" loan applications, OWORAE acknowledged and certified that all of the information contained on the GMTC loan application was true and correct.

21. On August 28, 2020, the SBA attempted to wire transfer $84,000 in loan funding. That transfer was unsuccessful because the bank account OWORAE provided was closed. On August 29, 2020, OWORAE provided a new bank account for the GMTC loan proceeds to be wired. The SBA, however, did not disburse any loan funds to GMTC.

<u>COUNTS ONE - THREE</u>
Wire Fraud
(18 U.S.C. § 1343)

The Acting United States Attorney charges:

22. The Acting United States Attorney re-alleges and incorporates by reference paragraphs 1-21 of this Information.

23. From on or about July 31, 2020 until at least August 28, 2020, in the District of Massachusetts, and elsewhere, the defendant,

RICHARD OWORAE,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | July 31, 2020 | EIDL application in the name of GMC for $27,800 |
| 2 | August 4, 2020 | EIDL application in the name of U.S. Postal Service, P&DC for $82,900 |
| 3 | August 10, 2020 | EIDL application in the name of GMTC for $84,000 |

All in violation of Title 18, United State Code, Section 1343.

COUNT FOUR
Aggravated Identity Theft
(18 U.S.C. § 1028A(a)(1))

The Acting United States Attorney further charges:

24.     The Acting United States Attorney re-alleges and incorporates by reference paragraphs 1-10 and 14-17 of this Information.

25.     On or about August 4, 2020, in the District of Massachusetts, and elsewhere, the defendant,

RICHARD OWORAE,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, L.O., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, wire fraud, as charged in Count Two of this Information:

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION

(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

26. Upon conviction of one or more of the offenses in violation of 18 U.S.C. § 1343, set forth in Counts One through Three, the defendant,

RICHARD OWORAE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

27. If any of the property described in Paragraph 26, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 15 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

                                   Respectfully submitted,

                                   NATHANIEL R. MENDELL
                                   Acting United States Attorney

                           By: /s/ *Danial E. Bennett*
                                 Danial E. Bennett
                                 Assistant U.S. Attorney

Date:   June16, 2021